UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES SANDROCK,

    Plaintiff,

v.                                                                    Case No. 1:20-cv-1033
                                                                    Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,
_____/

## OPINION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) which denied his applications for disability insurance benefits (DIB) and supplemental security income (SSI).

Plaintiff filed applications for benefits on July 13, 2018, alleging a disability onset date of October 20, 2014.  PageID.52.  Plaintiff identified his disabling conditions as diabetes, major depression, back injury, hyperlipemia, dorsalgia, hypertension, disc disorder of lumbosacral region, history of chiari malformation, stiffness in left hand, and laceration of digital artery.  PageID.261.  Prior to applying for DIB, plaintiff has a bachelor's degree and had past work as a rewind operator, forklift operator, and batch mixer.  PageID.59, 72.  An administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on November 20, 2019.  PageID.52-61. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

1

## I. LEGAL STANDARD

"The federal courts review the Commissioner's factual findings for substantial evidence and give fresh review to its legal interpretations." *Taskila v. Commissioner of Social Security*, 819 F.3d 902, 903 (6th Cir. 2016). This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, -- U.S. --, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence, this Court has said, is more than a mere scintilla. It means — and means only — such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (internal quotation marks and citations omitted).

A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health and Human Services*, 925 F.2d 146 (6th Cir. 1990). The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations, or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). "If the [Commissioner's] decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994).

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II.     ALJ's DECISION

Plaintiff's application failed at the fifth step of the evaluation. At the first step, the ALJ found that plaintiff met the insured requirements of the Social Security Act through September 30, 2016, and that he has not engaged in substantial gainful activity since the alleged onset date of October 20, 2014. PageID.54. At the second step, the ALJ found that plaintiff had severe impairments of degenerative disc disease of the lumbar spine with disc protrusion, diabetes mellitus, and hypertension, PageID.54. At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.55-56.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can lift 20 pounds occasionally and ten pounds frequently. He can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs as well as ladders, ropes, or scaffolds.

PageID.56. The ALJ also found that plaintiff is unable to perform any past relevant work. PageID.59.

At step five, the ALJ determined that plaintiff could perform other, unskilled jobs existing in the national economy at the light exertional level. PageID.59-60. Specifically, the ALJ found that plaintiff could perform the requirements of occupations in the national economy such

as small products assembler (230,000 jobs), garment sorter (150,000 jobs), and inspector/hand packager (175,000 jobs). PageID.60. Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from October 20, 2014 (the alleged onset date) through November 20, 2019 (the date of the decision). PageID.61.

### III. DISCUSSION

Plaintiff contends that the ALJ's residual functional capacity (RFC) findings are contrary to law and not supported by substantial evidence. RFC is a medical assessment of what an individual can do in a work setting in spite of functional limitations and environmental restrictions imposed by all of his medically determinable impairments. 20 C.F.R. §§ 404.1545 and 416.945. The ALJ is "charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an assessment of her residual functional capacity." *Webb v. Commissioner of Social Security*, 368 F.3d 629, 633 (6th Cir. 2004) (internal quotation marks and brackets omitted). As one court stated, "a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (as amended Feb. 22, 2019).

Plaintiff has raised four errors on appeal to support this claim.

**A.     The ALJ failed to comply with 20 C.F.R. § 404.1520c and § 416.920c by failing to properly consider the medical opinions. Substantial evidence does not support the finding that the opinions of plaintiff's treating nurse practitioner David Beard, FNP-C were not persuasive.**

For claims filed on or after March 27, 2017, the regulations provide that the Social Security Administration (SSA) "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)." 20 C.F.R. §§ 404.1520c(a) and 416.920c(a). In these claims, the SSA "will articulate in our

5

determination or decision how persuasive we find all of the medical opinions and all of the prior administrative medical findings in [the claimant's] record." 20 C.F.R. §§ 404.1520c(b) and 416.920c(b). In addressing medical opinions and prior administrative medical findings, the ALJ will consider the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors. *See* 20 C.F.R. §§ 404.1520c(c)(1)-(5) and 416.920c(c)(1)-(5).

The most important factors which the ALJ considers in evaluating medical opinions are "supportability" and "consistency":

> Therefore, we will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision. We may, but are not required to, explain how we considered the factors in paragraphs (c)(3) through (c)(5) of this section, as appropriate, when we articulate how we consider medical opinions and prior administrative medical findings in your case record.

20 C.F.R. §§ 404.1520c(b)(2) and 416.920c(b)(2).[1] If the ALJ finds that two or more medical opinions "are both equally well-supported and consistent with the record but are not exactly the same," the ALJ must articulate what factors were most persuasive in differentiating the opinions. 20 C.F.R. §§ 404.1520c(b)(3) and 416.920c(b)(3) (internal citations omitted).

In addition, the new regulations recognize that "[b]ecause many claims have voluminous case records containing many types of evidence from different sources, it is not administratively feasible for us to articulate in each determination or decision how we considered

---

[1] The regulations explain "supportability" in the following terms: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1).

The regulations explain "consistency" in the following terms: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2).

6

all of the factors for all of the medical opinions and prior administrative medical findings in your case record." 20 C.F.R. §§ 404.1520c(b)(1) and 416.920c(b)(1).  Thus, "when a medical source provides multiple medical opinion(s) or prior administrative medical finding(s), we will articulate how we considered the medical opinions or prior administrative medical findings from that medical source together in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate." *Id*.  "We are not required to articulate how we considered each medical opinion or prior administrative medical finding from one medical source individually. *Id*.

As one court observed, "[t]hese new regulations plainly are less demanding than the former rules governing the evaluation of medical source opinions, especially those of treating sources." *Hardy v. Commissioner of Social Security*, 554 F. Supp. 3d. 900, 906 (E.D. Mich. 2021). Nevertheless, the new regulations set forth a minimum level of articulation for a reviewing court. *Id*.

The ALJ addressed FNP Beard's opinion as follows:

> In September 2019, Mr. Beard stated that the claimant could perform sedentary work with postural, manipulative, and non-exertional limitations (Exhibit 11F). The undersigned finds his opinion unpersuasive [sic] it is based heavily on the claimant's subjective complaints but, more notably, his opinion is unsupported by and inconsistent with the evidence showing mild physical symptoms (Exhibits 2F/162, 171, 213, 237; 3F/52, 54, 57, 60, 62, 64, 67, 72, 78, 83, 88, 94; 5F/10; 7F/6, 11, 14, 23-24, 30, 40, 44, 47, 51; 9F/8, 40-41, 78, 84, 89).

PageID.58.

Here, the ALJ's cursory review of this opinion failed to meet the regulations' minimum level of articulation for a reviewing court.  As an initial matter, the ALJ did not identify limitations set out in FNP Beard's opinion.  The ALJ's reference to "postural, manipulative, and non-exertional limitations" says nothing about the limitations under consideration.  Next, the ALJ

7

did not identify plaintiff's "mild physical symptoms".  Presumably, the ALJ is referring to plaintiff's physical condition and symptoms contained in medical evidence.  In reviewing that evidence (which consists of about 800 pages (PageID.354-1161)), the ALJ stated that while plaintiff had degenerative changes to his back, the findings were "unremarkable," and he "presented himself with insignificant musculoskeletal symptoms, demonstrating normal gait and ambulation with full strength and range of motion in his extremities."  PageID.57.  The ALJ also found that plaintiff "presented himself with commonplace cardiovascular symptoms, demonstrating normal heart rate and rhythm with no abnormal sounds or chest pain," and his treatment notes described "his blood pressure as "great" and his diabetes as 'very tightly controlled' and 'excellent' ".  PageID.58.  Finally, the ALJ provided no explanation of how FNP Beard's opinion was based on plaintiff's subjective complaints or how Beard's opinion was "unsupported by and inconsistent with" the unidentified mild symptoms.

In summary, the ALJ did not "explain how [he] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in [plaintiff's] determination or decision."  20 C.F.R. §§ 404.1520c(b)(2) and 416.920c(b)(2).  In addition, the ALJ has failed to set out a sufficient analysis of the evidence to allow an appellate court to trace the path of his reasoning.  *See Stacey v. Commissioner of Social Security*, 451 Fed. Appx. 517, 519 (6th Cir. 2011) (citing *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995)).  Accordingly, this matter will be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).  On remand, the Commissioner should re-evaluate FNP Beard's opinion.

> **B.     The ALJ failed to comply with 20 C.F.R. § 404.1520c and § 416.920c by failing to properly consider the medical opinions. The ALJ's finding that the opinions of the non-examining State Agency physician and psychologist were persuasive is not supported by substantial evidence.**

8

The ALJ addressed the opinions of non-examining state agency consultant Saadat Abbasi, M.D. as follows:

> At the initial level, Dr. Abbasi reviewed the evidence in October 2018 and said that the claimant could perform light work with postural limitations (Exhibits 1A/8-9; 2A/8-9). The undersigned finds Dr. Abbasi's opinion persuasive because it is supported by and consistent with the objective medical evidence showing limiting, but not disabling, musculoskeletal and cardiovascular symptoms as well as improvement with treatment (Exhibits 2F/162, 171, 213, 237; 3F/52, 54, 57, 60, 62, 64, 67, 72, 78, 83, 88, 94; 5F/10; 7F/6, 11, 14, 23-24, 30, 40, 44, 47, 51; 9F/8, 40-41, 78, 84, 89).

PageID.58.

The ALJ's cursory review of this opinion also failed to meet the regulations' minimum level of articulation for a reviewing court.  As an initial matter, the ALJ did not identify limitations set out in Dr. Abassi's opinion.  The ALJ's reference to the doctor's conclusion that "the claimant could perform light work with postural limitations" says nothing about the limitations under consideration.  Next, the ALJ does not address how Dr. Abassi's opinion, that plaintiff can perform light work with unidentified postural limitations, is persuasive.  Finally, the ALJ provides no explanation for his conclusion that the opinion "is supported by and consistent with the objective medical evidence showing limiting, but not disabling, musculoskeletal and cardiovascular symptoms as well as improvement with treatment."

In summary, the ALJ did not "explain how [he] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in [plaintiff's] determination or decision."   20 C.F.R. §§ 404.1520c(b)(2) and 416.920c(b)(2).  In addition, the ALJ has failed to set out a sufficient analysis of the evidence to allow an appellate court to trace the path of his reasoning.  *See Stacey*, 451 Fed. Appx. at 519.  Accordingly, this matter will be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).  On remand, the Commissioner should re-evaluate Dr. Abbasi's opinion.

>    **C.     The RFC determination failed to include all plaintiff's well-documented impairments as required by 20 C.F.R. § 404.1520a, § 416.920a, SSR 96-8p and SSR 85-15.**
>
>    **D.     The ALJ did not comply with 20 C.F.R. § 404.1529 and § 416.929 when he addressed plaintiff's subjective symptoms, and his corresponding conclusions are not supported by substantial evidence.**

Plaintiff contends that the ALJ failed to consider his subjective symptoms and other non-exertional impairments or limitations in function, including pain and the need to lie down or take unscheduled breaks.  Plaintiff also contends that the pain and other non-exertional limitations interfere with the concentration, persistence or pace required to perform any competitive employment.  Plaintiff's Brief at PageID.1185-1186.

While it is well-settled that pain may be so severe that it constitutes a disability, "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability." *Cohen v. Secretary of Department of Health and Human Services*, 964 F.2d 524, 529 (6th Cir. 1992), quoting 42 U.S.C. § 423(d)(5)(A).  The agency regulations provide that, "[i]n evaluating the intensity and persistence of your symptoms, we consider all of the available evidence from your medical sources and nonmedical sources about how your symptoms affect you." 20 C.F.R. §§ 404.1529(c)(1) and 416.929(c)(1).

The agency considers both "objective" medical evidence and "other evidence".  20 C.F.R. §§ 404.1529(c)(2)-(3) and 416.929(c)(2)-(3).  "Objective medical evidence is evidence obtained from the application of medically acceptable clinical and laboratory diagnostic techniques, such as evidence of reduced joint motion, muscle spasm, sensory deficit or motor disruption." 20 C.F.R. §§ 404.1529(c)(2) and 416.929(c)(2).

"Other evidence" includes "other information you may submit about your symptoms".  *See* 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3).

> Factors relevant to your symptoms, such as pain, which we will consider include: (i) Your daily activities; (ii) The location, duration, frequency, and intensity of your pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms; (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms; (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

*Id*.

Here, the ALJ identified plaintiff's symptoms as follows:

> The claimant complains of diabetes, depression, hypertension, thoracic and lumbar spondylosis, chronic pain syndrome, left hand weakness, tinnitus, and migraines (Exhibit 19E/3). These impairments affects [sic] his abilities to alternately lift, squat, bend, stand, reach, walk, sit, kneel, hear, climb stairs, complete tasks, concentrate, and use his hands (Exhibit 6E/6). The claimant testified that he experienced frequent migraines that required him to lie down for long periods (Hearing Testimony (HT)). He also complained of impaired balance and hearing that affects his concentration.

PageID.57.

With respect to the objective medical evidence, the ALJ found that plaintiff had severe impairments of degenerative disc disease of the lumbar spine with disc protrusion, diabetes mellitus, and hypertension. PageID.54.[2] The ALJ also considered plaintiff's non-severe impairments, stating:

> There is objective evidence in the medical record of impairments that are non-severe in that they establish, at most, a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on her ability to meet the basic demands of work activity (20 CFR 404.1522 and 416.922; SSRs 16-3p and 85-28). Specifically, the claimant has been evaluated and treated for left

---

[2] In addressing plaintiff's RFC, the ALJ stated, "[t]he undersigned concedes that the claimant experiences degenerative disc disease of the lumbar spine, diabetes mellitus, and hypertension." PageID.57. The ALJ's statement that he "concedes" that plaintiff has certain severe impairments is the type of language used in an adversarial proceeding not in a Social Security proceeding which is inquisitorial. *See Sims v. Apfel*, 530 U.S. 103, 110–11 (2000) ("Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits . . ."); *Moats v. Commissioner of Social Security*, 42 F.4th 558, 563 (6th Cir. 2022) ("The ALJ, remember, is a neutral factfinder, not an advocate.").

11

    hand ganglion cyst excision, left ear hearing loss, and migraines (Exhibits 1F/25; 3F/52, 63; 5F/3-7, 14-15; 6F). The undersigned considered all of the claimant's medically determinable impairments, including those that are not severe, when assessing the claimant's residual functional capacity.

PageID.55.

   With respect to the other evidence, the ALJ concluded that plaintiff's daily activities did not corroborate his allegations of disabling impairments "but merely supports the existence of severe impairments that affects the claimant's ability to perform basic work activities." PageID.58.  These daily activities included the ability to groom himself, perform household chores, prepare, meals, and drive an automobile.  *Id.*[3]  Plaintiff also reported "having no issues getting along with others, being able to understand and execute both written and spoken instructions, and having no difficulties dealing with people in positions of authority, stressful situations, or changes in routine." *Id*.  Accordingly, this claim of error is denied.

   **IV.**  **CONCLUSION**

   For these reasons, this matter will be **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).  On remand, the Commissioner is directed to re-evaluate the opinions of FNP Beards and Dr. Abbasi.  A judgment consistent with this opinion will be issued forthwith.


Dated:  September 13, 2022       /s/ Ray Kent
                  RAY KENT
                  United States Magistrate Judge

---

[3] The ALJ stated that, "[Plaintiff] is able to drive an automobile, suggesting that he has the strength, stamina, and dexterity to alternately open the vehicle doors, manipulate the keys, sit in the driver's seat, turn the steering wheel, and operate the pedals."  PageID.58.